Grigor KASIMYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75966.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2006.*

Decided April 17, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Areg Kazaryan, Law Office of Areg Kazaryan, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, MCKEOWN and PAEZ, Circuit Judges.

MEMORANDUM **

Grigor Kasimyan, a native of the former Soviet Union and citizen of Armenia, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for substantial evidence, *see*

*Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the IJ's adverse credibility determination based on critical omissions from Kasimyan's asylum application and his testimony. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003). For example, Kasimyan failed to include in his asylum application that his oldest son was killed during a police search of Kasimyan's residence in 1998. Also, Kasimyan failed to testify about a second arrest and detention in 2002 that left him unconscious, despite being specifically asked to describe this event. Because these omissions go to the heart of his asylum claim, substantial evidence supports the IJ's adverse credibility finding. *See Chebchoub v. INS*, 257 F.3d at 1042. In the absence of credible testimony, Kasimyan failed to establish eligibility for asylum or withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d at 1254–55.

■ We lack jurisdiction to consider Kasimyan's CAT claim because he failed to challenge the IJ's denial of CAT relief from the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.